**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACOB GAREY, JR.,

      Plaintiff - Appellant,

v.

LUPE MARTINEZ MARSHALL,[*]
Warden; GARY K. KING, Attorney
General for the State of New Mexico,

      Defendants - Appellees.

No. 09-2218
(D.C. No. 1:09-CV-00551-RB-WPL)
(D.N.M.)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Jacob Garey, Jr. appeals from the district court's order dismissing his 42

U.S.C. § 1983 complaint as legally frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and Federal Rule of Civil Procedure 12(b)(6).  For

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Lupe
Martinez Marshall is substituted for Anthony Romero as Appellee in this action.

[**]     This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.  After examining the appellate
record, this three-judge panel determined unanimously that oral argument would
not be of material assistance in the determination of this appeal.  *See* Fed. R. App.
P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without
oral argument.

substantially the same reasons set forth by the district court, we agree that Mr. Garey's claims are frivolous, dismiss his appeal, and deny his motion to proceed *in forma pauperis* ("IFP").

## I. Background

Mr. Garey was convicted in New Mexico state court of possession of heroin following a plea of no contest in 2000. He received a suspended sentence of 18 months and probation. During his term of probation, Mr. Garey was convicted of heroin possession and tampering with evidence after he pleaded no contest to these charges. The state court consolidated the two cases for sentencing purposes, revoked Mr. Garey's probation, and sentenced him to five years and 279 days of imprisonment, with all but two years suspended. The court also imposed one year of parole to run concurrently with the suspended portion of the sentence. Mr. Garey was released early from custody, but his release was revoked on December 10, 2002. After filing two motions for reconsideration of the revocation, which were denied, Mr. Garey filed a third motion styled as a "Motion to Amend Judgment and Sentence of Probation Commitment to Penitentiary." The state court dismissed the motion as moot on December 15, 2004, because the parties stipulated that Mr. Garey had been released from custody on those convictions and had completed his terms of probation and parole.

Thereafter, Mr. Garey unsuccessfully sought state post-conviction relief. He then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the United States District Court for the District of New Mexico on April 23, 2008. The district court dismissed that petition for lack of jurisdiction because Mr. Garey was no longer in custody for the charges that he sought to challenge. Mr. Garey appealed that dismissal to this court and requested a certificate of appealability ("COA"), which was denied. The panel held that, because Mr. Garey was not in custody on the challenged sentences when he filed his federal habeas petition, reasonable jurists could not debate the district court's conclusion that it lacked jurisdiction to consider the merits of the petition. The panel therefore denied a COA and dismissed Mr. Garey's appeal.

Mr. Garey filed the instant pro se § 1983 complaint on June 2, 2009, in the District of New Mexico in which he asserted various claims of alleged violations of his constitutional rights resulting from the state court criminal proceedings. Specifically, Mr. Garey alleged that: his convictions and sentences constituted false imprisonment and violated the double jeopardy clause; he was denied the effective assistance of counsel; and the state court had been prejudiced against him. Mr. Garey sought money damages for his allegedly unlawful incarceration.

The district court granted Mr. Garey's motion for IFP status and assessed partial payments. However, the court dismissed Mr. Garey's complaint on September 9, 2009, holding that he did not have a valid § 1983 claim because (1)

he never achieved a favorable result in his state court criminal proceedings, and (2) Mr. Garey's complaint was barred in any event by the applicable statute of limitations that would have started to run on the date his allegedly illegal incarceration ended in 2004. The district court denied Mr. Garey's motion for reconsideration on October 6, 2009.

Mr. Garey appealed. He filed a motion with the district court seeking leave to proceed IFP. The court denied the motion, concluding that Mr. Garey had failed to identify the existence of a nonfrivolous argument on appeal. On appeal, Mr. Garey has filed a second motion for IFP status as well as a motion to remand the case to the district court.

## II. Discussion

The IFP statute, 28 U.S.C. § 1915, is intended to open federal courts to indigent litigants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, because 28 U.S.C. § 1915(a) allows indigents to commence lawsuits without prepayment of fees or costs, and thereby potentially risks abusive litigation, Congress also provided for the sua sponte dismissal of "frivolous or malicious" suits under § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 324 (citing § 1915(d), as this statutory provision was previously designated). A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id*. at 325.

We review a district court's determination of frivolousness for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we

review the dismissal de novo. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Although we are not bound to accept Mr. Garey's factual allegations as true, they must be weighted in his favor. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

On appeal, Mr. Garey renews his substantive constitutional claims and contends that the district court erred in dismissing his complaint. We disagree. As the district court correctly noted, Mr. Garey's § 1983 complaint cannot succeed on its merits because there has been no termination of the challenged criminal proceedings in Mr. Garey's favor. *See, e.g.*, *Mondragón v. Thompson*, 519 F.3d 1078, 1082–83 (10th Cir. 2008); *Roth v. Green*, 466 F.3d 1179, 1189–90 (10th Cir. 2006); *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004). And, even if Mr. Garey had received a favorable termination prior to his release from incarceration on the state convictions at issue, his claims would be time-barred by New Mexico's three-year statute of limitations. *Mondragón*, 519 F.3d at 1082. Accordingly, we agree with the district court that Mr. Garey's claims are legally frivolous, and they were properly dismissed. Likewise, Mr. Garey's reiteration of his claims on appeal is frivolous and this appeal is dismissed under § 1915(e)(2)(B)(i).

In light of our determination that Mr. Garey's appeal is frivolous, we conclude that affording IFP status to him would be inappropriate—he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and

-5-

facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *cf. Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting IFP motion because arguments raised in appeal were not frivolous). Accordingly, we deny Mr. Garey's motion for IFP status and direct him to make full and immediate payment of the outstanding balance of the appellate filing fees.

## III. Conclusion

For the foregoing reasons, we **DISMISS** this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Garey's motion to proceed without prepayment of appellate filing fees is **DENIED** and he is directed to make full and immediate payment of his outstanding fee balance. We also **DENY** Mr. Garey's motion to remand. Finally, we assess two strikes for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

-6-