**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTHONY TAFOYA,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; RICK RAEMISCH,
in his official capacity as Executive Director of
the Colorado Department of Corrections, and in
his individual capacity; ROGER WERHOLZ,
in his official capacity as Executive Director of
the Colorado Department of Corrections, and in
his individual capacity; TONY CAROCHI, in
his official capacity as Executive Director of
the Colorado Department of Corrections, and in
his individual capacity; TOM CLEMENTS, in
his official capacity as Executive Director of
the Colorado Department of Corrections, and in
his individual capacity; ARISTEDES
ZAVARIS, in his official capacity as Executive
Director of the Colorado Department of
Corrections, and in his individual capacity; JOE
ORTIZ, in his official capacity as Executive
Director of the Colorado Department of
Corrections, and in his individual capacity;
JOHN SUTHERS, in his official capacity as
Executive Director of the Colorado Department
of Corrections, and in his individual capacity;
MARY CARLSON, in her official capacity as
Time Computation Manager of Colorado
Department of Corrections, and in her
individual capacity; JOHN DOE, in his/her
official capacity as Executive Director of the
Colorado Department of Corrections, and in
his/her individual capacity,

    Defendants - Appellees.
_____

No. 15-1384
(D.C. No. 1:15-CV-01411-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

_____

State prisoner Anthony Tafoya appeals from the district court's dismissal of his action and moves for in forma pauperis ("*ifp*") status on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal and deny his motion for *ifp* status.

## I.  BACKGROUND

On July 2, 2015, Mr. Tafoya, acting pro se,[1] filed an action in the District of Colorado, alleging Colorado Department of Corrections officials failed to apply good-time and earned-time credits toward his mandatory release date ("MRD") and are holding him beyond that date, as properly calculated, in violation of 42 U.S.C. § 1983.

On July 24, 2015, the district court ordered Mr. Tafoya to show cause why his action should not be dismissed under *Ankeney v. Raemisch*, 344 P.3d 847 (Colo. 2015)

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

(en banc), which held that the good-time and earned-time credits at issue "do not constitute the service of an inmate's sentence but rather have significance only for calculating his eligibility for release to parole." 344 P.3d at 852. The show cause order stated the court would dismiss Mr. Tafoya's action with prejudice if he did not respond within 30 days. Mr. Tafoya filed no response. On September 18, 2015, the court dismissed his action with prejudice.

## II. **DISCUSSION**

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if a plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[2] "We review dismissals under Rule 41(b) for abuse of discretion." *Nasious*, 492 F.3d at 1161. "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quotations, citation, and brackets omitted).

Mr. Tafoya asserts only that he complied with the show cause order by filing a "response[] to defendants' motion to dismiss," which he attaches to his opening appeal

---

[2] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (quotations omitted).

brief. Aplt. Br. at 1. The attached response, however, was filed in a separate action before a different judge.[3] The docket history of this case indicates Defendants filed no motion to dismiss, and Mr. Tafoya filed no response. It also shows Mr. Tafoya failed to respond to the court's show cause order. The district court therefore correctly concluded Mr. Tafoya failed to comply with the show cause order. It was consequently within the district court's discretion to dismiss Mr. Tafoya's action under Rule 41(b).[4]

For these reasons, we affirm. We also deny Mr. Tafoya's request to proceed *ifp* because he has failed to present a nonfrivolous argument on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the

---

[3] This appeal concerns the district court's dismissal order in *Tafoya v. Raemisch*, No. 1:15-cv-01411-LTB (D. Colo. 2015). Mr. Tafoya filed the response motion as an "interested party" in *Esquibel v. Raemisch*, No. 1:15-cv-00408-REB-KLM (D. Colo. 2015).

[4] We have "suggested various factors a district court may wish to consider" when deciding whether to dismiss under Rule 41(b): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The district court did not expressly apply these factors, but Mr. Tafoya does not challenge the court's dismissal on that ground.

issues raised on appeal."); *accord Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008).

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge