**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN CARMICHAEL WARREN,

    Defendant - Appellant.

No. 16-3151
(D.C. Nos. 2:14-CV-02536-WPJ and
2:11-CR-20040-WPJ-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Steven Carmichael Warren, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

A grand jury returned an indictment charging Mr. Warren with (1) carrying a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); (2) armed robbery in violation of 18 U.S.C. § 2113(a), (d); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ROA, Vol. I at 8-9; *see also United States v. Warren*, 737 F.3d 1278, 1281 (10th Cir. 2013).

Mr. Warren pled guilty to the armed-robbery count, and the Government dismissed the others. The plea agreement stated:

> **3. <u>Application of the Sentencing Guidelines.</u>** The parties are not requesting imposition of an advisory guideline sentence. There is no agreement between the parties as to the sentence to be imposed. The defendant is free to ask the Court to impose whatever sentence he wants. Likewise, the government is free to ask the Court to impose whatever sentence it deems appropriate. The parties understand this agreement binds the parties only and does not bind the Court.

ROA, Vol. I at 21. The agreement also stated the Government would recommend a three-level reduction for acceptance of responsibility. *Id.* at 21-22. The Government did so at the sentencing hearing.

The presentence report listed Mr. Warren's previous convictions, "including an earlier federal felony conviction for armed bank robbery, a felony conviction for the sale of a PCP-laced cigarette, a felony conviction for child abuse, and over a dozen misdemeanor convictions—the majority of which involved violent conduct." *Warren*, 737 F.3d at 1281. Based on Mr. Warren's prior convictions, the district court determined he qualified as a career criminal. The total offense level of 31 and a criminal history

category of VI resulted in a United States Sentencing Guidelines range of 188 to 235 months. The Government sought an upward variance to 300 months in prison. Mr. Warren's counsel argued that the district court's career-criminal ruling "already [took] into account all of [Mr. Warren's] criminal conduct" and that the court should not use the convictions as a basis for the upward variance. ROA, Vol. I at 118, 126-27. The district court granted the Government's upward variance based on a number of factors, including Mr. Warren's prior convictions.

Mr. Warren challenged his sentence on direct appeal; this court affirmed. *Warren*, 737 F.3d at 1280.

He then brought a 28 U.S.C. § 2255 motion, arguing his plea counsel rendered ineffective assistance by failing to (1) object to the purported untimeliness of the Government's request for an upward variance, (2) request an evidentiary hearing at sentencing, (3) object to the district court's consideration of prior convictions as a basis for the upward variance (i.e., double counting his criminal conduct), (4) object to the adequacy of the district court's explanation for the variance, and (5) assert the Government breached the plea agreement. He also argued his appellate counsel was ineffective for failing to raise these arguments on direct appeal.

The district court rejected each argument in a thorough and well-reasoned order. Mr. Warren now seeks a COA on the third and fifth issues, arguing his plea counsel was ineffective.

## II.  DISCUSSION

### A.  *Legal Background*

Mr. Warren may not appeal the district court's denial of his § 2255 motion without a COA.  28 U.S.C. § 2253(c)(1)(B).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Mr. Warren seeks a COA on two issues involving ineffective assistance of counsel.  The Supreme Court has held that the Sixth Amendment right to counsel includes a right to effective representation.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  We first consider whether "counsel's performance was deficient."  *Id.* at 687.  Mr. Warren must show that his attorney's "representation fell below an objective standard of reasonableness."  *Id.* at 688.  We then consider prejudice by asking "whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying the *Strickland* standard in the plea context).  "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

### B.  *Analysis*

Mr. Warren first argues his counsel was ineffective for failing to object when the district court relied on his prior convictions as a basis for both the career-criminal

classification and the upward variance. The district court rejected this argument because Mr. Warren's counsel raised the issue at the sentencing hearing and urged the court not to consider the prior convictions in ruling on the variance. The district court concluded that "counsel's argument on double counting was well within the wide range of reasonable professional assistance." ROA, Vol. I at 187. For substantially the same reasons given in the district court's order, we conclude that no reasonable jurist could debate the correctness of the court's ruling on this issue.

Next, Mr. Warren contends his counsel was ineffective for failing to argue the Government breached the plea agreement insofar as it required the Government to move for a three-level reduction for acceptance of responsibility. In denying the § 2255 motion, the district court concluded there was no breach because the Government fulfilled its obligation under the plea agreement to recommend the reduction. The court further noted the plea agreement "explicitly permitted both parties to ask for a non-guideline sentence including any sentence that they deemed appropriate." *Id.* at 190. For substantially the same reasons stated by the district court, we conclude the district court's rejection of Mr. Warren's argument is beyond debate.

III. **CONCLUSION**

We deny Mr. Warren's application for a COA and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge