**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS GARCIA-
RODRIGUEZ,

Defendant - Appellant.

No. 17-4034
(D.C. Nos. 2:16-CV-01027-DAK and
2:12-CR-00751-DAK-EJF-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

---

Defendant-Appellant Juan Carlos Garcia-Rodriguez, a federal prisoner proceeding

pro se,[1] seeks a certificate of appealability ("COA") in order to challenge the district

court's denial of his motion under 28 U.S.C. § 2255. Mr. Garcia-Rodriguez also requests

leave to proceed *in forma pauperis*. For the reasons discussed below, we deny the

application for a COA, deny the motion to proceed *in forma pauperis*, and dismiss this

matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Garcia-Rodriguez is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

## I

On April 8, 2015, a grand jury returned a Superseding Indictment against Mr. Garcia-Rodriguez and his codefendant. The Superseding Indictment alleged two counts against Mr. Garcia-Rodriguez: Count 1, Conspiracy to Distribute More than 500 Grams of Methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; and Count 2, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). On April 24, 2015, Mr. Garcia-Rodriguez pleaded guilty to both counts and signed a Statement in Advance of Plea (i.e., a plea agreement). The district court sentenced Mr. Garcia-Rodriguez to 235 months' imprisonment to be followed by five years of supervised release.

After sentencing, Mr. Garcia-Rodriguez filed a 28 U.S.C. § 2255 motion, challenging his sentence on seven grounds, including that evidence used against him was obtained in violation of his Fourth Amendment rights and that his trial counsel was ineffective in negotiating and executing his plea agreement. Notably, Mr. Garcia-Rodriguez argued in his § 2255 motion that a Title III Wiretap Order[2] that allowed law enforcement officers to intercept communications from *his codefendant's phone* exceeded the jurisdictional limits of the state court that issued the order. As to his ineffective assistance of counsel claim, he argued that his counsel had failed to present the

---

[2] This refers to Title III of The Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.*; it establishes procedures under which government officials may obtain warrants authorizing them to intercept "wire, oral, or electronic communications." 18 U.S.C. § 2516.

government with a signed plea agreement and instead permitted him to plead guilty without a plea agreement.

The district court denied his motion. First, the court found that Mr. Garcia-Rodriguez's Fourth Amendment claim was procedurally defaulted because he never raised it during trial or on direct appeal. Furthermore, he did not attempt to show cause and prejudice, as required to obtain review of his defaulted claim. Second, the court found that Mr. Garcia-Rodriguez's ineffective-assistance claim was meritless. Mr. Garcia-Rodriguez claimed that he pleaded guilty without a plea agreement and received nothing in return for his plea. The district court found, however, that both of these arguments are directly refuted by the record. Mr. Garcia-Rodriguez in fact signed a plea agreement. Moreover, he received a two-level reduction for acceptance of responsibility, which he would not have received if he had gone to trial.

## II

We may not adjudicate the merits of Mr. Garcia-Rodriguez's appeal from the district court's denial of his § 2255 motion unless he is able to secure from us a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Warren*, 660 F. App'x 611, 611–12 (10th Cir. 2016); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (citing the "'clear' jurisdictional language . . . in § 2253(c)(1)"). In order to obtain a COA, Mr. Garcia-Rodriguez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). To make this showing, he must demonstrate "that reasonable jurists could debate whether (or, for that

3

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

### III

We conclude that reasonable jurists could not debate the correctness of the district court's resolution of Mr. Garcia-Rodriguez's § 2255 motion or find that there were issues that are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 & n.4).

Mr. Garcia-Rodriguez appears to advance before us related, yet distinct, arguments from those he made in the district court. First, he suggests, without providing any record support, that law enforcement officers illegally "tapped" *his phone* under the auspices of the Title III Order that authorized them to intercept communications only to and from his *codefendant's* phone. Mr. Garcia-Rodriguez also argues that his counsel rendered ineffective assistance by failing to adequately investigate the strength of the government's case in advance of Mr. Garcia-Rodriguez's plea.

Because Mr. Garcia-Rodriguez did not raise these arguments in his § 2255 motion, we decline to consider them here. *See Fairchild v. Workman*, 579 F.3d 1134, 1141 n.2 (10th Cir. 2009) ("Generally, the failure to raise an argument in one's initial filing will cause it to be waived."); *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."); *United States v.*

4

*Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993) ("In the present appeal, Defendant raises thirty-one grounds for relief.  To the extent that he failed to raise these grounds in his § 2255 motion to the district court, he has waived them.").

In sum, we conclude that Mr. Garcia-Rodriguez has failed to demonstrate that reasonable jurists would debate the correctness of the district court's ruling or find that there are issues of sufficient merit that they should be encouraged to proceed further. Accordingly, we deny his request for a COA.

Finally, Mr. Garcia-Rodriguez is not entitled to proceed *in forma pauperis* because he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997)).

## IV

Based on the foregoing, we **DENY** Mr. Garcia-Rodriguez's request for a COA, **DENY** his motion to proceed *in forma pauperis*, and **DISMISS** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

5