**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE ALEMAR,

     Petitioner - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 17-1335
(D.C. No. 1:16-CV-02622-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

    Jose Alemar, a state-court prisoner proceeding pro se,[1] appeals the district

court's dismissal of his application for a writ of habeas corpus under 28 U.S.C.

§ 2254. We dismiss the appeal for lack of jurisdiction.

---

   [*] After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

   [1] We liberally construe pro se pleadings. But we won't act as Alemar's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Alemar pleaded guilty to sexual assault on a child, and on June 30, 2011, the state court sentenced him to two years to life in prison. On October 20, 2016, Alemar filed a § 2254 motion. On July 5, 2017, the district court denied Alemar's motion as untimely and dismissed the action. It also declined to issue Alemar a certificate of appealability and denied his request for leave to proceed in forma pauperis (IFP) on appeal.

On August 30, 2017, Alemar filed a motion seeking more time to file his notice of appeal. The district court denied that motion two days later. On September 20, Alemar filed another motion, this time requesting permission to appeal. We construed that motion as Alemar's notice of appeal and issued a jurisdictional show-cause order, requiring Alemar to demonstrate that his notice of appeal was timely. When Alemar failed to timely respond to that show-cause order, we dismissed his appeal for lack of prosecution pursuant to Tenth Circuit Rule 42.1. But Alemar eventually filed a response, so we reinstated his appeal and referred the jurisdictional issue to this panel.

"We acquire jurisdiction only on the filing of a timely notice of appeal." *Watkins v. Leyba*, 543 F.3d 624, 626 (10th Cir. 2008). Federal Rule of Appellate Procedure 4(a)(1)(A) provides in pertinent part that an appellant must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." A district court may grant an extension of time to file a notice of appeal if an appellant (1) files a request "no later than 30 days after the time prescribed by [Rule 4(a)(1)(A)]

expires" and (2) "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Here, the district court entered judgment on July 5. Thus, Alemar's notice of appeal was due on August 4, and any motions for an extension of time were due 30 days after that, or by September 4.[2] *See* Fed. R. App. P. 4(a). Alemar did file a timely motion for an extension of time on August 30. But the district court denied it. And that makes Alemar's September 20 notice of appeal—which he filed well past the August 4 deadline—untimely. *See Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014) (unpublished) (dismissing appeal for lack of jurisdiction under Rule 4(a)(1)(B) where appellant filed timely request for extension of time but district court denied that request).

Alemar resists this conclusion. First, he points out that he sent a letter to the district court on August 15. And he asserts that the district court interpreted that letter as a notice of appeal. But even if we were to interpret the August 15 letter as a notice of appeal, it would be untimely because Alemar sent it after the August 4 deadline. Thus, we reject this argument.

Alternatively, Alemar argues that even if he failed to file a timely notice of appeal, we should retain jurisdiction because he suffers from several health problems that make it difficult for him to complete his legal work. But we "have 'no authority to create equitable exceptions to jurisdictional requirements.'" *Watkins*, 543 F.3d at

---

[2] The 30th day actually fell on Sunday, September 3. But under Federal Rule of Appellate Procedure 26(a)(1)(C), Alemar had until the following weekday—Monday, September 4—to file any motion for an extension.

627 (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). Thus, because Alemar's notice of appeal is untimely, we dismiss his appeal for lack of jurisdiction. *See id.* (dismissing for lack of jurisdiction based on appellant's failure to file timely notice of appeal).

Finally, we deny Alemar's motion to proceed IFP because he fails to present a nonfrivolous argument on appeal. *See Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court

Nancy L. Moritz
Circuit Judge

4