FILED
United States Court of Appeals
Tenth Circuit

January 30, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENT VU PHAN,

     Plaintiff - Appellant,

v.

NATIONAL JEWISH HEALTH;
METRO COMMUNITY PROVIDER
NETWORK (MCPN); P.A.
MEGHANN DEVITO; DR. MICHAEL
NGUYEN; ATTORNEY TRACY L.
ZUCKETTE; ATTORNEY
CHRISTOPHER M. ROBBINS; and
STATE FARM INSURANCE
COMPANY,

     Defendants - Appellees.

No. 18-1344
(D.C. No. 1:17-CV-02353-LTB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Pro se Plaintiff-Appellant Kent Vu Phan alleges that he found standing

water in his condominium's crawlspace. He further alleges that the subsequent

---

[*]     After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conduct of his insurance agency, his medical providers, and two attorneys gave rise to claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and various state laws. The district court dismissed Mr. Phan's amended complaint as legally frivolous and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. On appeal, Mr. Phan fails to explain why the district court erred, and so we conclude that Mr. Phan has waived his challenge to the district court's order. Exercising jurisdiction under 28 U.S.C. § 1291, we thus **affirm** the district court's order, **deny as moot** Mr. Phan's motion for summary reversal, and **deny** Mr. Phan's motion to proceed in forma pauperis.

## I

Mr. Phan's original complaint alleged that his condominium's crawlspace had been contaminated with standing water. A magistrate judge ordered Mr. Phan to file an amended complaint because Mr. Phan had "merely typed out a narrative of events in numbered paragraphs" without providing any "indication of what violation has been committed by which of the Defendants." R. at 29 (Order Directing Pl. to File Am. Compl., dated Oct. 10, 2017).

Mr. Phan's amended complaint again alleged that standing water contaminated his condominium's crawlspace. He alleged that his insurance

2

agency denied a claim related to this contamination, that two attorneys defended a related lawsuit Mr. Phan apparently brought against his homeowner's association, and that various medical providers declined to conclude that Mr. Phan's medical problems were caused by the standing water. While the amended complaint invoked 42 U.S.C. §§ 1981, 1983, 1985, 1986, as well as the ADA, the Rehabilitation Act, and various state laws, it did not clearly tie these legal provisions to actions by the individual defendants.

The district court dismissed "the Amended Complaint in part as legally frivolous and in part for failure to comply with Rule 8 of the Federal Rules of Civil Procedure." R. at 99 (Order of Dismissal, filed July 31, 2018). Construing Mr. Phan's filings liberally, the court discerned and dismissed four claims. First, it dismissed any claims arising under 42 U.S.C. § 1981 because Mr. Phan failed to plausibly allege that any defendant intended to discriminate against him based on his race. Second, the court dismissed any claims arising under 42 U.S.C. § 1983 as frivolous because Mr. Phan failed to plausibly allege that any defendants were state actors. Third, the court dismissed claims arising under 42 U.S.C. §§ 1985 and 1986 because the allegations of conspiracy were conclusory and the complaint failed to identify a right protected by these statutes. Fourth, the court dismissed the claims under the ADA and the Rehabilitation Act because Mr. Phan failed to allege that he was denied the benefit of public services or that any defendants

3

were public entities.  The court declined to exercise supplemental jurisdiction over Mr. Phan's remaining state-law claims.

Mr. Phan filed a timely notice of appeal.  He later filed motions with this court to proceed in forma pauperis and for summary reversal.

**II**

We affirm the district court's order because Mr. Phan's appellate briefing does not point to any specific error in the court's ruling or respond to the deficiencies that the court identified.[*]  Instead, Mr. Phan recounts his factual allegations, Aplt.'s Opening Br. at 1–4, summarizes the district court's order, *id.* at 4–8, and then provides conclusory language and allegations related to the claims at issue, *id.* at 9–16.  Although we construe Mr. Phan's filings liberally, *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007), we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) ("[T]he appellant must present his claims in a way that does not compel us to scavenge through his brief for traces of argument."); *Nixon v. City & County of*

---

[*] We note that Mr. Phan's appellate brief is expressly styled "Appellant's Combined Opening Brief and Application for a Certificate of Appealability."  If Mr. Phan believes that he requires a certificate of appealability to pursue this appeal, he is mistaken; this certificate requirement is inapposite here. *See* 28 U.S.C. § 2253(c).  Therefore, we **deny as moot** Mr. Phan's nominal request for a certificate of appealability.

4

*Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument."). Thus, we conclude that Mr. Phan's failure to explain why the district court's order was wrong waives any argument for reversal. *See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett*, 425 F.3d at 841 ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

## III

Because Mr. Phan has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), we deny his application to proceed in forma pauperis on appeal and direct him to make full and immediate payment of the outstanding appellate filing fee.

## IV

For the foregoing reasons, we **AFFIRM** the district court's order dismissing the case. In light of our ruling, we **DENY AS MOOT** Mr. Phan's motion for summary reversal. Finally, we also **DENY** the motion to proceed in

5

forma pauperis on appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge