**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARKE E. HAYES,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

     Respondent - Appellee.

No. 18-5100
(D.C. No. 4:15-CV-00323-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

Marke Hayes, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C § 2254

habeas petition.  We deny a COA and dismiss this matter.

**I**

Hayes was convicted in Oklahoma of first-degree murder and possession of a

firearm after a former felony conviction.  Hayes shot and killed a neighbor in a dispute

over a snow shovel.  His primary defense at trial was that he was not guilty by reason of

insanity.  Hayes testified, against advice of counsel, that he did not commit the murder.

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The jury rejected his insanity defense and found Hayes guilty. He was sentenced to life without the possibility of parole on the murder conviction and a consecutive sentence of life with the possibility of parole on the firearm conviction. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

Hayes asserted three grounds for relief in his habeas petition: (1) the trial court erred and Hayes received ineffective assistance of counsel because a competency proceeding was not conducted regarding his decision to testify; (2) the district court erred in excluding the victim's hearsay statement to his wife immediately before the murder that Hayes was "crazy"; and (3) the accumulation of errors deprived Hayes of a fair trial.[1] The district court concluded Hayes was not entitled to habeas relief and denied a COA. Hayes timely applied for a COA from this court.

## II

Hayes raises five claims in his application for a COA. But only two are properly before us: his claims concerning his decision to testify, and the trial court's exclusion of the victim's hearsay statement. Hayes did not raise before the district court the other three claims he seeks to appeal and we will not consider them.[2] Grant v. Royal,

---

[1] Hayes' petition lists four grounds for relief, but his first and third grounds, concerning the adequacy of the trial court's procedures in determining he was competent to testify, are identical.

[2] Hayes asserts he is entitled to habeas relief as a result of: (1) prosecutorial misconduct; (2) violation of his Fifth Amendment privilege against self-incrimination as a result of psychological coercion during police questioning and alleged Miranda violations; and (3) ineffective assistance of counsel due to his counsel's lack of communication and failure to consult with him.

2

886 F.3d 874, 909 (10th Cir. 2018) (concluding petitioner had not preserved arguments for appellate review because he failed to raise them in his habeas petition), cert. denied sub nom. Grant v. Carpenter, 139 S. Ct. 925 (2019). We also do not consider the district court's denial of Hayes' cumulative error claim because he does not challenge this aspect of the district court's decision in his COA application. Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

We will not grant a COA unless Hayes makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To do so, he must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To prevail on the merits, Hayes must demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1), (2). Because Hayes is acting pro se, we construe his filings liberally, but do not act as his advocate. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**A**

Hayes contends the trial court should have held a competency proceeding as provided in Okla. Stat. tit. 22, § 1175.2 before permitting him to testify, and that his trial counsel was ineffective for not requesting such a proceeding. That statute describes the procedures for a court to determine whether a defendant is competent to stand trial.

Oklahoma law provides that a defendant is competent to stand trial as long as he has "sufficient ability to consult with his attorney" and has "a rational and actual understanding of the proceedings against him." Lambert v. State, 888 P.2d 494, 498 (Okla. Crim. App. 1994) (quotation omitted); see Okla. Stat. tit. 22, § 1175.1(1).

Hayes does not dispute that he was competent to stand trial, but contends that he was not competent to decide whether to testify. He argues the state court and his trial counsel should have realized he was not competent to make this decision because his testimony, that he had not committed the murder, conflicted with his not guilty by reason of insanity defense.[3]

Hayes' counsel had presented two witnesses in support of the insanity defense when Hayes informed him he had decided to testify. Both witnesses had testified Hayes was mentally ill. Defense counsel advised the trial court of Hayes' decision to testify and informed the court that he had advised Hayes not to do so. The court then conducted a hearing outside the presence of the jury to determine if Hayes understood the ramifications of his decision. After placing Hayes under oath and engaging in an extended colloquy with him, the trial court allowed Hayes to testify because his decision was knowing and voluntary. Hayes then testified that he did not kill the victim.

---

[3] Under Oklahoma law, a person is insane for purposes of this defense "if during the commission of the crime he was suffering from a mental disease or defect rendering him unable to differentiate between right and wrong" or was "suffering from a mental disease or defect rendering him unable to understand the nature and consequences of his acts." Diestel v. Hines, 506 F.3d 1249, 1251 (10th Cir. 2007) (applying Oklahoma law) (quotation and alterations omitted).

On direct appeal, Hayes argued his insistence on presenting testimony in conflict with his attorney's advice, especially in light of his mental illness, evinced incompetence and required the trial court to conduct a competency proceeding. The OCCA rejected this claim, finding the evidence showed that Hayes was competent to stand trial—a finding Hayes did not challenge then or now—and there was no reason for the trial court to conduct a separate competency proceeding to determine whether he was competent to testify. See Hayes v. State, No. F-2012-695, slip op. at 9-10 (Okla. Crim. App. June 10, 2014) (unpublished) (quoting Gilbert v. State, 951 P.2d 98, 104 (Okla. Crim. App. 1997), for the proposition that "a competency determination is required only when sufficient doubt as to the defendant's competency to stand trial has been raised" (quotation omitted)).

The district court denied habeas relief on this claim because Hayes failed to identify any Supreme Court decisions establishing that a trial court must conduct a separate proceeding to determine whether a defendant is competent to testify if the defendant's competency to stand trial is not disputed. In his COA application, Hayes again fails to identify any Supreme Court decision clearly establishing that a competency review is required in these circumstances. Hayes' claim thus fails at the threshold requirement for obtaining habeas relief. Grant, 886 F.3d at 889 ("The absence of clearly established federal law is dispositive under § 2254(d)(1) and results in the denial of habeas relief." (quotation omitted)).

With respect to Hayes' related ineffective assistance of counsel claim, the OCCA applied the standard established by the Supreme Court in Strickland v. Washington,

5

466 U.S. 668 (1984), holding Hayes' counsel was not ineffective for failing to request a competency proceeding because Hayes had not demonstrated that his counsel's performance was deficient or that he was prejudiced. The OCCA based this conclusion on its factual findings that Hayes was competent to stand trial, that his counsel advised him not to testify, and that Hayes rejected this advice.

The district court held Hayes failed to show that the OCCA's rejection of his ineffective assistance claim was either contrary to or an unreasonable application of Strickland. In his COA application, Hayes does not identify any portion of the district court's analysis that is debatable or wrong, instead declaring that his counsel erred in failing to insist on a competency proceeding once Hayes decided to testify. This conclusory assertion is insufficient to demonstrate that reasonable jurists could debate the district court's denial of this constitutional claim.

**B**

Hayes also argues the trial court violated his right to due process by excluding testimony that the victim told his wife Hayes was crazy shortly before Hayes shot him. The trial court excluded this hearsay statement based on its determination that the hearsay statement did not fall under either the present sense impression or the excited utterance exceptions. Hayes appealed this state law determination to the OCCA, and asserted that the erroneous exclusion of this evidence undermined his right to a fair trial and to fully present his defense under the Fourteenth Amendment. The OCCA rejected Hayes' state law arguments and affirmed the district court's exclusion of the statement.

6

The district court held Hayes was not entitled to habeas relief on this claim because his argument was based on Oklahoma's rules of evidence and federal habeas relief is not available for errors of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  It further held the OCCA could reasonably deny this claim because ample evidence was presented at trial regarding Hayes' mental state, and thus exclusion of the statement did not "render[] the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir. 2001) (quotation omitted).  Hayes does not challenge the district court's conclusions but again argues that exclusion of the hearsay statement was improper under Oklahoma law.  A federal court cannot grant habeas relief on this basis, and Hayes has failed to demonstrate that reasonable jurists could debate the district court's denial of this claim.

### III

We **DENY** Hayes' request for a COA and **DISMISS** this matter.  We also **DENY** Hayes' request to proceed in forma pauperis because he failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008) (quotation omitted).  Hayes shall immediately pay the unpaid balance of the appellate filing fee.

Entered for the Court

Carlos F. Lucero
Circuit Judge