FILED
United States Court of Appeals
Tenth Circuit

January 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SALLY A. MCLELLAN,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 20-1009
(D.C. No. 1:18-CV-00070-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Sally A. McLellan appeals the district court's order dismissing her complaint

and denying her motions for leave to amend her complaint and to appoint counsel.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This case concerns Ms. McLellan's challenge to the amount and timing of her

Supplemental Security Income benefits.  In October 2017, the SSA notified

---

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. McLellan that she had been approved for benefits and would receive her first monthly payment in November. At the same time, the agency also informed Ms. McLellan, who had been involved in protracted administrative proceedings, that she was entitled to $30,402 in retroactive benefits from July 2012 through October 2017. The SSA further explained that her benefits, both monthly and retroactive, would be reduced by the unearned income she received during the relevant period in the form of shelter.

Ms. McLellan received monthly benefits beginning in November 2017; however, when the SSA failed to pay the retroactive benefits, she filed a pro se complaint in January 2018 to collect them. In her complaint, Ms. McLellan raised two additional claims—that the agency had thus far failed to respond to her requests to reconsider the issue of unearned income and to increase her monthly benefits because of an escalation in her rent.

In March 2018, the SSA wrote to Ms. McLellan concerning her retroactive benefits and explained that "[b]ecause of the large amount, the law says we cannot pay all of the money in one lump sum. Instead, we must pay it in up to three installments, six months apart." R. at 136. The agency indicated that the first installment of $2,250 had been deposited to her bank account, the second installment would be paid in six months, and the "third installment . . . will be for the balance of the back payments after we have paid the first and second installments." *Id.*

The district court dismissed Ms. McLellan's second and third claims concerning unearned income and an increase in monthly benefits for the lack of final

decisions. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision."). Shortly thereafter, the SSA filed a motion to dismiss Ms. McLellan's only remaining claim— the payment of retroactive benefits.

In May 2019, while the agency's motion to dismiss was still pending, Ms. McLellan filed a motion to "supplement" her complaint to include updates on the two claims that had been previously dismissed and to add a proposed new claim. R. at 205. First, Ms. McLellan alleged that: (1) in March 2018, the agency reaffirmed its decision regarding unearned income; (2) in May 2018, she appealed the decision by requesting a hearing before an ALJ; (3) in November 2018, the agency dismissed her request for a hearing; and (4) in April 2019, the Appeals Council denied review.[1]

Second, Ms. McLellan acknowledged that in May 2018, the agency adjusted her monthly benefit upward to account for her rent increase. Nonetheless, because she was dissatisfied with the agency's delay making the adjustment, she asked for a hearing before an ALJ. The agency denied the request in January 2019.

---

[1] The SSA suggests a limited remand to the district court for its review of the agency's November 2018 decision to deny a hearing. Ms. McLellan, however, "opposes the [SSA's] limited remand." Aplt. Reply Br. at 8. Because Ms. McLellan opposes the proposed remand, we need not consider the agency's request.

3

Last, Ms. McLellan raised a new claim concerning the second installment of her retroactive benefits. In this regard, Ms. McLellan alleged that instead of making the second installment payment in September 2018, the agency "redirected $11,571.00 of the plaintiff's [retroactive benefits] to Larimer County without lawful authority to do so." R. at 210.[2] According to Ms. McLellan, in January 2019, the agency also denied her request for an ALJ hearing on the second installment.[3]

The district court dismissed Ms. McLellan's claim for the payment of retroactive benefits and denied her motion to supplement her complaint as untimely and futile. It further denied Ms. McLellan's motion to appoint counsel as moot. This appeal followed.

## II

The district court explained that the SSA's decision regarding the amount and timing of the installment payments was not a final decision that could be reviewed in the courts. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1774-75 (2019); *Califano v.*

---

[2] The district court noted that this payment was made under 42 U.S.C. § 1383(g)(1), which provides that the SSA may "withhold [retroactive] benefits due . . . and may pay to a State . . . an amount sufficient to reimburse the State . . . for interim assistance furnished on behalf of the individual by the State."

[3] The third and final installment of retroactive benefits was due in March 2019. Ms. McLellan did not raise any claim concerning the amount or timing of the third installment in the district court. However, for the first time on appeal, Ms. McLellan argues that a portion of the third installment was wrongly paid to the attorney who represented her in the disability proceedings. Because Ms. McLellan did not present this issue to the district court, and she offers no justification for her failure to do so, the issue is forfeited. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

*Sanders*, 430 U.S. 99, 108 (1977).  However, because Ms. McLellan fails to address the grounds on which the court dismissed this claim as required under Federal Rule of Appellate Procedure 28(a)(8)(A), she has waived an appellate challenge to the ruling.

Ms. McLellan's briefs contain prolix descriptions of the district-court proceedings and her interactions with the agency, but she fails to cite a single case, statute, or regulation; rather, she outlines her version of the facts (without any citations to the record) and asks the court to reverse, without developing any legal arguments.  Plainly stated, Ms. McLellan seeks to have us act as her advocate, which we cannot do.

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and internal quotation marks omitted).  "Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority."  *Id.* at 841 (ellipses and internal quotation marks omitted).  "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research."  *Id.* (brackets and internal quotation marks omitted); *see also Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision

5

was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument."). Where, as here, issues "are not adequately briefed," they "will be deemed waived." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).

Likewise, because Ms. McLellan fails to address the grounds on which the court denied her motions to supplement her complaint and to appoint counsel, she has also waived an appellate challenge to these rulings.

### III

The judgment of the district court is affirmed. And because Ms. McLellan has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted), we deny her motion to proceed in forma pauperis on appeal and direct her to make full and immediate payment of the outstanding appellate filing fee.

Entered for the Court

Jerome A. Holmes
Circuit Judge

6