FILED
United States Court of Appeals
Tenth Circuit

March 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

      Petitioner - Appellant,

v.

SCOTT CROW, Director, Oklahoma
Department of Corrections,

      Respondent - Appellee.

No. 20-5107
(D.C. No. 4:20-CV-00125-GKF-JFJ)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

Alvin Parker, an Oklahoma state prisoner proceeding *pro se*, seeks to

appeal the district court's denial of his "motion to vacate void judgment" and his

subsequent motion for reconsideration. The judgment Parker sought to vacate

was an order entered by the district court on May 18, 2020, denying, as time-

barred and successive, Parker's 28 U.S.C. § 2241 challenge to the execution of

his 199-year Oklahoma sentence for second-degree murder after a former felony

conviction. *See Parker v. Crow*, 822 F. App'x 716 (10th Cir. 2020) (denying

Parker a certificate of appealability ("COA") because his § 2241 petition did not

identify a non-frivolous federal constitutional claim).  The matter is before this court on Parker's request for a COA.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding under § 2241).  Because Parker has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal.  28 U.S.C. § 2253(c)(2).

A COA may issue if Parker "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted).  Parker has failed to make the requisite showing.  Indeed, as noted by the district court in its May 18, 2020 order, this court has repeatedly rejected as meritless Parker's assertion that Oklahoma's Truth In Sentencing Act granted him some type of constitutionally protected vested right.  *Parker*, 822 F. App'x at 719 ("We have repeatedly explained that the definition of life imprisonment Parker cites never

-2-

became law, because the Oklahoma legislature repealed the Act before its effective date. So we have held that the Act did not create any federal constitutional claims for those seeking habeas relief." (quotation and citations omitted)); *see id*. (collecting cases from over the last twenty years so holding). Thus, this court has already rejected on the merits the very argument underlying Parker's motions to vacate and for reconsideration. Thus, this court **DENIES** Parker's request for a COA and **DISMISSES** this appeal. Furthermore, because Parker has failed to advance a "reasoned, nonfrivolous argument on the law and facts," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008), this court also **DENIES** his request to proceed on appeal *in forma pauperis*. Parker is, therefore, ordered to immediately remit any unpaid portion of the appellate filing fee in this appeal. Parker's motion to incorporate record on prior appeal is **GRANTED**. His motion to expedite is **DENIED AS MOOT**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge