FILED

United States Court of Appeals
Tenth Circuit

September 24, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT WATKINS,

      Petitioner-Appellant,

v.

RONALD LEYBA and
JOHN SUTHERS, Attorney General
of the State of Colorado,

      Respondents-Appellees.

No. 07-1222
(D.C. No. 06-cv-00310-ZLW)
(D. Colo.)

**ORDER**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Robert Watkins, a Colorado state prisoner appearing

pro se, seeks a certificate of appealability ("COA") in order to challenge the

district court's dismissal of his habeas petition. The district court dismissed his

petition without prejudice because he failed to submit a certified copy of his trust

fund statement as directed by the magistrate judge. Mr. Watkins also seeks leave

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10th CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* FED. R. APP. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to proceed *in forma pauperis* ("IFP").  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).  Reviewing Mr. Watkins's filings liberally,[1] we conclude that he failed to file a timely notice of appeal, thus, we lack jurisdiction to address his application for COA, or the merits of his appeal.  We therefore **DISMISS** his appeal.  We **GRANT** Mr. Watkins's request to proceed IFP.

## I. BACKGROUND

On March 5, 1998, Robert Watkins was convicted of first degree murder, aggravated robbery and felony murder.  On direct appeal, the Colorado Court of Appeals affirmed his conviction and sentence.  Mr. Watkins then filed a post-conviction motion, pursuant to COLO. R. CRIM. P. 35(c), claiming ineffective assistance of both trial and postconviction counsel.  On July 8, 2004, the Colorado Court of Appeals affirmed the trial court's denial of his motion for postconviction relief.  The Colorado Supreme Court subsequently denied his petition for certiorari on November 15, 2004.

On February 13, 2006, Mr. Watkins submitted for filing both a motion for leave to proceed IFP and an application for writ of habeas corpus to the United States District Court for the District of Colorado.  Identifying deficiencies in Mr. Watkins's pleadings—particularly that he had failed to include a certified copy of his trust account statement with his motion for leave to proceed IFP—the

---

[1]    Because Mr. Watkins is proceeding pro se, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

magistrate judge directed the court clerk to commence a civil action. The court clerk promptly filed the habeas petition Mr. Watkins had submitted ten days earlier. The magistrate judge commanded Mr. Watkins to cure the identified deficiencies within thirty days, and warned that failure to do so would result in the dismissal of his action without prejudice.

More than thirty days later,[2] Mr. Watkins filed an application for habeas and a motion for leave to proceed IFP on March 29, 2006. Although he attached a copy of his trust account statement to his motion for leave to proceed IFP, the copy was not certified as required by both the magistrate judge's order and the express language of 28 U.S.C. § 1915 ("in addition to filing the affidavit filed under paragraph (1), [a prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."). Therefore, on April 3, 2006, the district court denied the habeas petition, dismissed the action without prejudice, and denied the motion to proceed IFP as moot.

---

[2] March 25, 2006, thirty days after February 23, 2006, marked the end of the court-ordered filing period. That date fell on a Saturday. Therefore, by operation of FED. R. CIV. P. 6(a), Mr. Watkins's curative pleadings were due on Monday, March 27, 2006.

On April 21, 2006, Mr. Watkins filed a notarized copy of his trust account statement but did not otherwise seek reconsideration of the district court's April 3, 2006 order. Over a year after the district court entered its April 3, 2006 judgment, Mr. Watkins filed a notice of appeal. The district court denied both his motion to proceed on appeal IFP and his request for a COA.

## II. DISCUSSION

Mr. Watkins's application for a COA seeking to appeal the district court's April 3, 2006 order denying his habeas petition is untimely and must be dismissed for lack of jurisdiction. We acquire jurisdiction only on the filing of a timely notice of appeal. *See Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006); *Bowles v. Russell*, 127 S. Ct. 2360, 2363 (2007) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional.") (citations and internal quotation marks omitted). 28 U.S.C. § 2107(a)—from which Federal Rule of Appellate Procedure 4(a) derives—requires that an appeal be brought in a civil case "within 30 days after the entry of [the] judgment, order or decree." Here, the record is undisputed that Mr. Watkins filed his notice of appeal on May 21, 2007, more than a year after the district court entered its April 3, 2006 order denying the habeas petition and dismissing the action without prejudice.

Our review of the record reveals that Mr. Watkins filed no motion which would toll the running of the statutory thirty-day period. *See* FED. R. APP. P.

4(a)(4).[3]  Thus, his time to appeal the April 3, 2006 order expired on May 3, 2006.  Because he failed to file a notice of appeal or to seek a COA before that date, he cannot now appeal the order.

The record indicates that Mr. Watkins may not have immediately received notice of the district court's April 3, 2006 order.[4]  Nevertheless, we are not situated to consider this as a ground for excusing his failure to timely file a notice of appeal.  As previously explained, timely filing of a civil appeal is jurisdictional.  Courts have "no authority to create equitable exceptions to jurisdictional requirements."[5]  *Bowles*, 127 S. Ct. 2366.

---

[3]  Rule 4(a)(4) provides that certain motions filed within ten days of the entry of judgment toll the time to file a notice of appeal.  Notably, he filed nothing within the operative period.  Also absent from the record is any suggestion that Mr. Watkins sought to reopen the time in which to file an appeal.  Pursuant to 28 U.S.C. § 2107(c), "the district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, *whichever is earlier*, reopen the time for appeal . . . ." (emphasis added).  Assuming Mr. Watkins never received notice of the district court's order, a motion to reopen was due no later than 180 days from April 3, 2006, or approximately September 30, 2006.  *See Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000).

[4]  On  June 29, 2006, Mr. Watkins notified the district court of a change of address.  Evidently, he was transferred to another facility before he received the district court's April 3, 2006 order because he later informed the district court twice, on July 31, 2006, and April 13, 2007, of his address change and requested information regarding the status of his case.  On April 16, 2007, the court clerk mailed a copy of the April 3, 2006 order to Mr. Watkins.  He filed his notice of appeal within thirty days after the clerk mailed the order.

[5]  Mr. Watkins filed a motion to supplement the record.  In light of our jurisdictional determination, we deny that motion as moot.

Mr. Watkins also seeks to proceed IFP.  To do so, he must comply with the filing requirements and demonstrate "a financial inability to pay the required [filing] fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).  Though we dismiss Mr. Watkins's appeal for failure to timely file a notice of appeal and application for COA, we nonetheless conclude that the arguments he raised in support of his appeal are not frivolous.  Therefore, we **GRANT** Mr. Watkins leave to proceed IFP subject to the requirements in  28 U.S.C. § 1915(b).

This appeal is **DISMISSED**.


Entered for the Court

Jerome A. Holmes
Circuit Judge