FILED
United States Court of Appeals
Tenth Circuit

November 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OSCAR HENRY BRANHAM,

   Petitioner - Appellant,

v.

JANE STANDIFIRD, Warden,

   Respondent - Appellee.

No. 11-6276
(D.C. No. 5:10-CV-00601-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Oscar Henry Branham, a prisoner in the custody of the State of Oklahoma

proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 petition. Additionally, he has

renewed his motion, previously denied by the district court, to proceed on appeal

in forma pauperis. Having thoroughly reviewed the relevant law and the record,

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]  Because Mr. Branham is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010).

we **deny** Mr. Branham's request for a COA, **deny** Mr. Branham's request to proceed in forma pauperis, and **dismiss** this matter.

Mr. Branham was tried by a jury and convicted of one count of possession of a controlled dangerous substance after prior felony convictions (Count I) and one count of assault and battery of a police officer (Count II). He was sentenced to twenty years for Count I and three years for Count II, with the terms to be served concurrently. On direct appeal, the OCCA upheld his sentence and conviction in a summary opinion.

Mr. Branham then filed his habeas petition in federal district court under 28 U.S.C. § 2254. Among other things, Mr. Branham alleged that there was insufficient evidence to support his conviction for possession of a controlled dangerous substance, that the prosecutor committed misconduct, and that his lawyer's representation was constitutionally ineffective. The district court referred his petition to a magistrate judge for consideration. The magistrate judge recommended that the petition be denied. After reviewing Mr. Branham's objections to the magistrate judge's recommendation, and his motion seeking leave to amend his petition, the district court adopted the recommendation and denied Mr. Branham's motion for leave to amend. Mr. Branham then sought a COA from the district court and filed a motion to proceed in forma pauperis. The district court denied both Mr. Branham's request for a COA and his motion to proceed in forma pauperis.

Mr. Branham now seeks a COA from our court regarding three claims. Specifically, Mr. Branham seeks a COA on his claims that: (1) "the trial evidence was insufficient to support conviction for possession of a controlled dangerous substance," (2) "the prejudicial effect of prosecutor misconduct constituted fundamental error of a fair trial," and (3) he "was [prejudiced] by ineffective assistan[ce] of counsel." Aplt. Opening Br. at 15.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pursuant to the framework set out by the Supreme Court in *Miller-El*, we have carefully reviewed Mr. Branham's combined opening brief and application for COA as well as the record, including the magistrate judge's thorough report and recommendation and the district court's orders. Based upon this review, we

-3-

conclude that Mr. Branham is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate whether Mr. Branham's § 2254 motion should have been resolved in a different manner, and the issues that he seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

As for Mr. Branham's motion to proceed in forma pauperis, the district court found that Mr. Branham's "appeal is not taken in good faith . . . [because] the issues [he] seeks to raise on appeal lack merit," and so denied his motion to proceed in forma pauperis. *Branham v. Standifird*, Dist. Ct. No. 5:10-cv-00601-C, Doc. 58, at 2 (Order, filed Nov. 21, 2011). Mr. Branham renewed this motion in his filings to our court. We too deny his motion because we agree with the district court that Mr. Branham has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).

Accordingly, we **deny** Mr. Branham's request for a COA, **deny** his motion to proceed in forma pauperis, and **dismiss** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge