**UNITED STATES COURT OF APPEALS**

**June 6, 2013**

**TENTH CIRCUIT**

LESTER L. WASHINGTON, MA, M.ED, ABD,

    Plaintiff - Appellant,

v.

CSU FT COLLINS; CSUBOD; CSUFC; HDFS,

    Defendants - Appellees.

No. 12-1471
(D.C. No. 1:12-CV-01033-LTB)
(D. Colo.)

LESTER L. WASHINGTON, Bth, MA, M.ED, ABD,

    Plaintiff - Appellant,

v.

COLORADO STATE UNIVERSITY FT. COLLINS,

    Defendants - Appellees.

12-1473
(D.C. No. 1:12-CV-01034-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In these two appeals, which we consolidate for purposes of disposition, Plaintiff Lester Washington appeals the district court's dismissal of his pro se complaints against Colorado State University and related Defendants. In both cases, the magistrate judge ordered Plaintiff to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, identifying the specific deficiencies that needed to be corrected. In each case, Plaintiff was granted three extensions of time in which to file his amended complaint. When the third extension of time was granted, Plaintiff was informed that no further extensions would be granted absent extraordinary circumstances. For both cases, the final extension set a filing deadline of October 1, 2012. On that date, Plaintiff filed an amended complaint in both cases. Eight days later, he filed a motion in each case seeking permission to file another amended pleading in three or more months. He did not identify any specific corrections he would make in this amended pleading.

The district court denied Plaintiff's motions to file another amended pleading, holding that Plaintiff had had ample time to prepare and file an amended pleading to address the magistrate judge's concerns. The court further concluded that Plaintiff's filing history in the District of Colorado demonstrated it would be futile to allow Plaintiff additional time to file another amended pleading. The court then held that Plaintiff had

failed to correct the deficiencies identified by the magistrate judge. In both cases, Plaintiff's amended complaint still failed to provide a clear and concise statement of specific facts identifying how each named Defendant allegedly violated Plaintiff's rights. Nor did the amended complaints provide a short and plain statement of the specific claims Plaintiff was asserting. The court thus held that Plaintiff's amended complaints failed to comply with the pleading requirements of Rule 8. The court accordingly dismissed both complaints without prejudice. Plaintiff filed several motions for reconsideration in each case, which the district court denied.

On appeal, Plaintiff argues the district court erred in dismissing his complaints under Rule 8. Although the basis of his arguments is somewhat difficult to discern, he appears to argue that his pleadings were as concise as could be expected, since the cases involved "more than 5000 pages of evidence" and "more than 160 federal, state, and university violations of the law." (No. 12-1471, Appellant's Br. at 22.) He also contends the district court was motivated by discriminatory animus and there was no valid reason for his complaints to be dismissed.

After carefully reviewing Plaintiff's briefs and the records on appeal, particularly Plaintiff's amended complaints in each case, we see no error in the district court's dismissal of the complaints without prejudice. Although the magistrate judge put Plaintiff on notice of the deficiencies in his complaints, Plaintiff's amendments failed to correct those problems. Plaintiff's amended complaints contain confusing, vague references to various allegedly wrongful acts, but they do not identify "what each

defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; [or] what specific legal right [P]laintiff believes the defendant violated," *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, the district court correctly concluded that the amended complaints failed to satisfy Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The record provides no support for Plaintiff's accusation of discriminatory animus on the part of the magistrate judge or district court.

To the extent Plaintiff also appeals the district court's denial of his motions for additional time in which to file another amended complaint, we see no error in the denial of these motions. As explained by the district court, Plaintiff was given ample opportunity to amend his complaints, and he did not demonstrate that further amendment would correct the identified deficiencies. To the extent Plaintiff seeks to appeal the district court's denials of his motions for reconsideration, we likewise see no error in these rulings. We further conclude that Plaintiff is not entitled to any of the other relief he requests on appeal, such as his requests for a change of venue and for an order "to make the defense and court a party or charge all cost to the offending and obstructing court: the USDC OF COLORADO DENVER" (No. 12-1471, Appellant's Br. at 30).

For substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the district court's rulings in the cases below. We also agree with the district court that Plaintiff has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal,"

*Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted),

and we therefore **DENY** his motions to proceed in forma pauperis on appeal and remind

him of his obligation to pay the filing fees in full.

Entered for the Court


Monroe G. McKay
Circuit Judge