FILED
United States Court of Appeals
Tenth Circuit

April 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL A. CAMPBELL,

Petitioner - Appellant,

v.

TIM WILKINSON,

Respondent - Appellee.

No. 17-6003
(W.D. Okla.)
(D.C. No. 5:16-CV-01190-C)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

This matter is before the court on Michael A. Campbell's pro se requests

for a certificate of appealability ("COA") and to proceed on appeal in forma

pauperis. Campbell seeks a COA so he can appeal the district court's dismissal,

on timeliness grounds, of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing no appeal may be taken from "a final order in a

habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court" without first obtaining a COA); *id.*

§ 2244(d)(1)(A) (setting out a one-year statute of limitations on § 2254 petitions

running from the date on which the conviction became final). Because Campbell

has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In a detailed Report and Recommendation, the magistrate judge concluded Campbell's Oklahoma state robbery convictions became final, at the very latest, on June 30, 2010. Thus, the magistrate judge noted, Campbell's § 2254 habeas petition was due no later than June 30, 2011. *See* 28 U.S.C. § 2244(d). The magistrate judge further concluded Campbell had failed to demonstrate an entitlement to either statutory tolling, *see id.* § 2244(d)(2), or equitable tolling, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Upon de novo review, the district court adopted the Report and Recommendation and dismissed Campbell's § 2254 habeas petition with prejudice.

The granting of a COA is a jurisdictional prerequisite to Campbell's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Campbell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists

would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Campbell has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Campbell need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As a further overlay on this standard, we review for abuse of discretion the district court's decision that Campbell is not entitled to have the limitations period in § 2244(d) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Campbell's appellate filings, the magistrate judge's thorough Report and Recommendation, the district's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Campbell is not entitled to a COA. The district court's dismissal of Campbell's § 2254 petition as untimely is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Nor could it reasonably be suggested the district court abused its discretion in refusing to apply equitable tolling. Accordingly, this court **DENIES** Campbell's request for a COA and **DISMISSES** this appeal. Furthermore, because Campbell has not advanced a "reasoned,

-3-

nonfrivolous argument on the law and facts in support of the issues rased on appeal," his request to proceed in forma pauperis is **DENIED**.  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation omitted).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge