**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT CHARLES EBY,

　　Plaintiff - Appellant,

v.

K. JAN PETERSON; DEPARTMENT
OF CORRECTIONS,

　　Defendants - Appellees.

No. 20-2064

(D.C. No. 2:19-CV-01123-MV-SCY)

(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PHILLILPS**, **MURPHY**, and **McHUGH**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert Charles Eby appeals from a final order of the United States District Court for the District of New Mexico dismissing his 42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Eby filed a civil rights complaint in the District of New Mexico, which named K. Jan Peterson and the New Mexico Department of Corrections as defendants. Eby's complaint alleged defendants violated his constitutional rights during the process of convicting and detaining him on multiple charges of criminal sexual penetration of a minor, criminal sexual contact of a minor, and contributing to the delinquency of a minor. In a thorough and well-reasoned order, the district court concluded the claims against Peterson were barred by the doctrine of prosecutorial immunity. The district court further concluded the claims against both defendants were barred by the relevant New Mexico statute of limitations and by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In his terse brief on appeal, Eby wholly fails to address the various grounds for dismissal set out in the district court's order. Instead, he merely asserts the actions of the defendants, which by his own admission occurred in 2003, led to imprisonment on an illegal sentence. Eby's failure to address the district court's legal conclusions with reasoned analysis and relevant authorities amounts to a waiver of all issues on appeal. *Therrien v. Target Corp.*, 617 F.3d 1242, 1252–53 (10th Cir. 2010) (holding failure to raise an argument sufficiently in the opening brief waives that argument); *United States v.*

*Pursley*, 577 F.3d 1204, 1228 (10th Cir. 2009) (noting that because the appellant did not justify or cite a single case in support of his position, the court was "free to end [its] inquiry by applying the principle that arguments inadequately briefed in the opening brief are waived" (quotation omitted)). In any event, even if this court were to disregard Eby's waiver and review the district court's decision de novo, we would affirm for substantially those reasons set out in the district court's order. Peterson is clearly entitled to prosecutorial immunity, the claims raised in Eby's complaint are untimely, and *Heck* bars Eby's claim for damages because Eby's convictions have not been set aside on direct appeal or collateral review.

For those reasons set out above, the district court's order of dismissal is hereby **AFFIRMED**. This court notes for Eby's benefit that the district court's dismissal of his civil rights complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). Furthermore, this court's decision affirming the district court counts as a second strike. We caution Eby to carefully consider the propriety of any lawsuits he may wish to file in the future to avoid accumulating a third strike. *See id.* (providing that a prisoner that has accumulated three strikes can no longer proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"). Furthermore, because Eby has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation omitted), this court **DENIES** his request to proceed on appeal in forma

pauperis. Accordingly, Eby is ordered to immediately remit the full amount of the unpaid appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge