**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHUCK ALLEN HODGE,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 23-8088
(D.C. No. 1:23-CV-00195-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Chuck Allen Hodge, a state pretrial detainee proceeding pro se, appeals the district court's order dismissing his complaint for lack of jurisdiction and for failure to state a claim. He also seeks leave from us to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal as frivolous and deny his motion to proceed IFP.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In the district court, Hodge filed a complaint against the United States. Though the district court noted that Hodge's "complaint borders on incomprehensible," the court understood him to advance two claims under the Federal Tort Claims Act, 28 U.S.C. § 1346: (1) deprivation of access to a law library and law books, and (2) sexual assault by artificial intelligence.[1] R. vol. 1, at 154. Screening the complaint under 28 U.S.C. § 1915A, the district court ruled that it lacked jurisdiction because Hodge's claims didn't fit under the FTCA, leaving the United States immune. So the court dismissed Hodge's complaint for lack of subject-matter jurisdiction and also "for failure to comply with [Federal Rule of Civil Procedure] 8(a)'s pleading requirements." R. vol. 1, at 160. Hodge appealed.[2]

---

[1] The court also observed that Hodge's complaint "makes several other allegations," including "that his right to a fair and speedy trial has been violated, that he was not read his *Miranda* rights when he was arrested, and that he is being tortured." R. vol. 1, at 155. The court declined to address these allegations because they were "simply too conclusory, vague, and unsupported by any facts to satisfy the low hurdle of Rule (8)(a)'s pleading standard." *Id.* at 156. We agree.

[2] After entering the order dismissing Hodge's complaint, the district court failed to enter a judgment on a separate document, as Federal Rule of Civil Procedure 58(a) requires. And because the district court had not yet entered a judgment before Hodge filed his notice of appeal, his appeal was premature. Fed. R. App. P. 4(a)(2). But we have decided that this type of prematurity is cured by Federal Rule of Appellate Procedure 4(a)(7)(B) because "the appellant can always decide to waive the separate document requirement and choose to

(*footnote continued*)

2

## STANDARD OF REVIEW

We review de novo the district court's dismissal on sovereign-immunity grounds. *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

## DISCUSSION

"The United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Id.* And unless the United States waives its immunity, "the federal courts lack jurisdiction to hear claims against it." *San Juan Cnty. v. United States*, 754 F.3d 787, 792 (10th Cir. 2014).

Under the FTCA, the United States waived its sovereign immunity—and consented to be sued—for "torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994) (citing 28 U.S.C. § 1346(b)). The FTCA covers claims (1) against the United States; (2) for money damages; (3) due to an injury, death, or loss of property; (4) caused by a negligent act by a United States employee; (5) who was acting within the scope of his employment; (6) "under [the] circumstances where the United States, if a private person, would be liable to the claimant." *Id.* at 477 (quoting same). Given this, Hodge has not stated a claim under the FTCA: Though he purports to sue the United States, he has identified no negligent act by a United States employee. Indeed,

---

appeal prior to the running of the 150-day cap." *Constein v. United States*, 628 F.3d 1207, 1212 (10th Cir. 2010) (cleaned up). Thus, we have jurisdiction over Hodge's appeal.

he is a state detainee being held in a state jail. Thus, the United States is immune, and the district court correctly dismissed Hodge's complaint for lack of jurisdiction.

Likewise, Hodge is not entitled to IFP status. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Hodge's opening brief, which is sparse and conclusory, fails to challenge the district court's ruling on subject-matter jurisdiction. We thus conclude that his arguments on appeal are frivolous and deny his motion to proceed IFP. *See id.* Hodge must pay the appellate-filing fee immediately. *See* 10th Cir. R. 3.3.

## CONCLUSION

For all these reasons, we dismiss this appeal as frivolous and deny Hodge IFP status.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4