**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 4, 2024**

———————————————————

**Christopher M. Wolpert**
**Clerk of Court**

BOBBY RAY PARKER,

    Petitioner - Appellant,

v.

RANDY HARDING,

    Respondent - Appellee.

No. 24-5077
(D.C. No. 4:23-CV-00355-CVE-JFJ)
(N.D. Okla.)

———————————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

———————————————————

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

———————————————————

Bobby Ray Parker, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition.[1] He also requests to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny Parker a COA and deny his IFP motion.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Parker proceeds pro se on appeal, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

In 1993, Parker was convicted of two counts of robbery with a firearm, in violation of Okla. Stat. tit. 21, § 801. He was sentenced to forty-five years' imprisonment on count one and ninety years on count two. In 1995, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction. Parker then sought state postconviction relief, which was denied in 1999.[2] Over twenty years later, on January 1, 2023, Parker filed a new application for state-postconviction relief. The state trial court denied his application, ruling that it was time barred and procedurally barred. The OCCA affirmed.

On August 16, 2023, Parker filed his § 2254 petition. He raises four claims: (1) that he was forced to proceed pro se at trial, in violation of the Sixth Amendment; (2) that the State withheld exculpatory security-camera footage, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) that he was arrested without a warrant, in violation of the Fourth Amendment; and (4) that his appellate counsel was ineffective, in violation of the Sixth Amendment.

The State filed a motion to dismiss Parker's § 2254 petition, arguing that the petition was untimely under § 2244(d)(1). The district court determined that Parker's "one-year limitation period began to run on April 24, 1996, and expired on April 24, 1997," so the court ruled that his habeas petition was

---

[2] Parker appealed that denial to the OCCA, but he filed his notice of appeal after the deadline. So the OCCA dismissed his appeal for lack of jurisdiction. Three years later, he sought an appeal out of time, which was also denied.

2

untimely under § 2244(b)(1). *Parker v. Harding*, No. 23-CV-0355, 2024 WL 3013661, at *2 (N.D. Okla. June 14, 2024). And because Parker hadn't sought equitable tolling or made a credible showing of actual innocence, the district court dismissed with prejudice his petition as time barred. *Id.* at *3. Parker timely filed a notice of appeal.

## STANDARD OF REVIEW

Parker must obtain a COA to appeal the district court's ruling. To do so, he must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

Section 2244(d)(1) provides a "1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Parker doesn't contest that he filed his habeas petition after § 2244(d)(1)'s one-year deadline. Rather, he argues that the statute doesn't apply to his habeas petition. He advances two theories in support, but both are unavailing.

First, Parker argues that § 2244 cannot bar habeas claims that raise structural errors. This is so, he contends, because structural errors require "automatic reversal." Op. Br. at 7. He notes that his habeas petition raises a structural-error claim: the complete denial of trial counsel. *See Gideon v.*

3

*Wainwright*, 372 U.S. 335, 344 (1963). Parker's structural-error argument is misplaced. Structural errors "affect[] the framework within which the trial proceeds" and compel a remedy without a showing of prejudice. *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *id.* at 294. But to receive a remedy, a claimant must first show error. And to show error in habeas proceedings, a prisoner must comply with the Antiterrorism and Effective Death Penalty Act. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (10th Cir. 2022) ("To ensure that federal habeas corpus retains its narrow role, AEDPA imposes several limits on habeas relief . . . . And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief." (citations omitted)). Parker cannot circumvent the procedures governing habeas by simply claiming structural error.[3]

Second, Parker asserts that the constitutional errors at his trial void his judgment of conviction. And the district court's invoking § 2244(d)(1) to allow that judgment to stand, Parker presses, violates due process. This argument fails for similar reasons: he seeks a remedy without having to prove error. But again, Parker must prove that the claimed errors occurred, and he must do so

---

[3] Parker also contends that his alleged complete denial of counsel at trial amounts to a fundamental miscarriage of justice, and he invokes that exception to overcome § 2244(d)(1). But the "fundamental miscarriage of justice" exception requires a prisoner to make "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Because Parker hasn't made a credible showing of innocence, the exception doesn't apply to his petition. *Tennyson v. Raemisch*, 732 F. App'x 670, 673 (10th Cir. 2018) (unpublished) ("But these alleged legal errors, even if structural, do not constitute an allegation of actual innocence sufficient to trigger the miscarriage-of-justice exception.").

under AEDPA's constraints. *See Shinn*, 596 U.S. at 377. The district court correctly applied § 2244(d)(1)'s limitations to Parker's petition.[4]

Parker also requests to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because Parker hasn't made a nonfrivolous argument, we deny his IFP motion.

## CONCLUSION

For these reasons, we deny Parker a COA, deny his IFP motion, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] Because we deny Parker a COA on procedural grounds, we need not consider whether his petition states a valid constitutional claim. *See Slack*, 529 U.S. at 485.