FILED
United States Court of Appeals
Tenth Circuit

February 10, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

———————————————————

ANGEL D. VICTORINO,

    Petitioner - Appellant,

v.

TERRY JACQUES, L.C.F. Warden;
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 24-1272
(D.C. No. 1:23-CV-02423-LTB-SBP)
(D. Colo.)

———————————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

———————————————————

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.

———————————————————

Angel D. Victorino filed a pro se habeas petition under 28 U.S.C. § 2254. The district court entered a final judgment denying relief. After the court denied as untimely Mr. Victorino's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), he filed a notice of appeal. Mr. Victorino now seeks a certificate of appealability (COA) to appeal both the denial of his § 2254 petition and the denial of his Rule 59(e) motion.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Where the notice of appeal is timely, we have jurisdiction to consider a COA application under 28 U.S.C. § 2253(c)(1)(A). Mr. Victorino's notice of appeal was timely as to the denial of his Rule 59(e) motion. We deny a COA on that issue. Because his notice of appeal was untimely as to the denial of his § 2254 petition, we lack jurisdiction to consider his COA application as to that issue.

## I.    Background

Mr. Victorino was convicted in Colorado state court of sexual assault on a child and sexual assault on a child by a person in a position of trust, as well as two habitual criminal adjudications. Following his unsuccessful direct appeal and three rounds of state post-conviction proceedings, Mr. Victorino filed a pro se § 2254 petition asserting 61 claims for relief. A magistrate judge recommended denial of his habeas claims as either untimely or not cognizable in a § 2254 petition. The district court overruled Mr. Victorino's objections, adopted the magistrate judge's recommendation, denied a COA, and entered a final judgment on April 1, 2024. Absent a timely motion under Federal Rule of Appellate Procedure 4(a)(4)(A) extending the deadline, Mr. Victorino's notice of appeal was due 30 days later on May 1. *See* Rule 4(a)(1)(A).

On April 24, Mr. Victorino moved for a 90-day extension to file a motion to alter or amend the judgment, stating that he did not receive the district court's April 1 judgment until April 10. The court construed his motion as asking for an extension to seek relief under Rule 59(e). It denied the motion as barred by Federal Rule of Civil Procedure 6(b)(2), which precludes granting an extension of time to act under Rule 59(e).

2

Mr. Victorino filed his Rule 59(e) motion on May 8.  On May 23, the court denied the motion as untimely because it was filed more than 28 days after the April 1 entry of judgment.  *See* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

On June 12, Mr. Victorino filed a notice of appeal and a motion to extend the time to file a notice of appeal.  The district court held that his untimely Rule 59(e) motion did not toll the time period to appeal the April 1 final judgment under Rule 4(a)(4)(A)(iv).  After further concluding that Mr. Victorino failed to satisfy either requirement in Rule 4(a)(5)(A), the court denied his motion to extend the May 1 deadline.

## II.    Discussion

Mr. Victorino seeks to appeal both the denial of his § 2254 petition and the denial of his Rule 59(e) motion.  We have jurisdiction to consider his COA application as to these rulings only if he filed a timely notice of appeal.  *See Watkins v. Leyba*, 543 F.3d 624, 626-27 (10th Cir. 2008).  Because the district court relied on procedural grounds rather than reaching the merits of his constitutional claims, to obtain a COA Mr. Victorino must show "that jurists of reason would find it debatable" whether the procedural rulings were correct and "whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We liberally construe Mr. Victorino's pro se COA application but we do not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Victorino's June 12, 2024, notice of appeal was timely as to the denial of his Rule 59(e) motion on May 23.  *See* Rule 4(a)(1)(A) (requiring filing of notice of appeal

3

"within 30 days after entry of the . . . order appealed from"). The timeliness of Mr. Victorino's appeal of the final judgment depends on the timeliness of his Rule 59(e) motion because only a timely motion can toll the running of the appeal period for a judgment. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267 (1978); Rule 4(a)(4)(A) (tolling appeal period if motion is filed "within the time allowed"). We therefore address first whether the district court's denial of Mr. Victorino's Rule 59(e) motion as untimely is reasonably debatable.

Mr. Victorino filed his Rule 59(e) motion on May 8. He acknowledges the 28-day deadline for filing such a motion after entry of the judgment, and he concedes that this deadline may not be extended. *See Banister v. Davis*, 590 U.S. 504, 507-08 (2020). But he nonetheless argues his motion was timely because he did not receive the district court's April 1 final judgment until April 10. Mr. Victorino contends that, because delay by prison authorities is beyond a prisoner's control, the prison mailbox rule should apply not only to a prisoner's filing of documents with the court but also to a prisoner's receipt of service from the court. He asserts that the district court should have engaged in fact-finding regarding the prison delay in this case.

Mr. Victorino cites a Third Circuit decision holding that

in cases where the record supports a finding of delay in prison mail delivery, such delay may make an untimely Rule 59(e) motion timely so as to permit the exercise of appellate jurisdiction over an order we would otherwise lack jurisdiction to review. When the record is insufficient to support a prisoner's allegations of prison delay, we may remand to the District Court for appropriate fact-finding.

4

*Long v. Atl. City Police Dep't*, 670 F.3d 436, 438 (3d Cir. 2012); *see also United States v. Fiorelli*, 337 F.3d 282, 284 (3d Cir. 2003) (holding that prison delay in mail delivery, if established, would toll the deadline for filing a Rule 59(e) motion such that the prisoner's appeal would be timely).

The court rejected a similar contention in *Jenkins v. Burtzloff*, 69 F.3d 460, 460-61 (10th Cir. 1995), in which a prisoner argued his notice of appeal was timely because, due to prison transfers, he did not receive the district court's final judgment in the mail until 75 days after it was entered. We noted that, in adopting the prison mailbox rule for the filing of a prisoner's notice of appeal in *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court construed the word "filed" in the rule and the statute governing the timeliness of a notice of appeal. *Jenkins*, 69 F.3d at 461. "The Court held that a notice of appeal could be deemed timely 'filed' upon delivery to the prison authorities for mailing." *Id.* We reasoned that

> [i]n order to apply this kind of statutory interpretation in reverse we would have to look to the language determining when the time for appeal begins to run and whether that beginning point could be construed to be the time when the prisoner receives notice of the entry of the order to be appealed from.

*Id.* We held it could not be so construed because the date of entry of the judgment or order triggers the time period for filing a notice of appeal, "entry means entry on the docket," and the word "entry" could not be construed differently for pro se prisoner litigants. *Id.* We also rejected "the notion that general equitable considerations such as the policy arguments of *Houston* can allow a tolling of the time limit for appeal under

some rationale separate from the interpretation of the words of the relevant rule and statutory provision." *Id.* at 463.

Although *Jenkins* addressed the beginning of the time period for filing a notice of appeal, the time period for filing a Rule 59(e) motion likewise commences upon "the entry of the judgment." Neither *Long* nor *Fiorelli* addressed the significance of the use of the term "entry" in Rule 59(e) when they applied the prison mailbox rule to a prisoner's receipt of a final judgment from the district court. Mr. Victorino does not discuss *Jenkins* or explain why its reasoning would not apply, as well, to the timeliness of his Rule 59(e) motion.

Moreover, even under the cases Mr. Victorino cites, the prisoner must establish actual "delay in prison mail delivery." *Long*, 670 F.3d at 438; *see also Fiorelli*, 337 F.3d at 284 (referencing "any delay by the prison officials in transmitting the District Court's order"). Mr. Victorino asserts that delivery of the district court's April 1 final judgment was delayed by the prison. But the prison record he submitted indicates that the judgment was both received by the prison on April 10 and delivered to him on April 10. *See* R. at 899.[1] Consequently, he failed to substantiate his claim of delay by the prison.

We deny a COA on the district court's ruling that Mr. Victorino's Rule 59(e) motion was untimely because he fails to show that decision is reasonably debatable. Because that ruling stands, Mr. Victorino's Rule 59(e) motion did not toll the May 1

---

[1] Although the month in the "Received" by the prison column is obscured, it is clearly April because the district court's judgment was entered on April 1 and it was delivered to Mr. Victorino on April 10.

deadline to appeal the district court's denial of his § 2254 petition. His notice of appeal filed on June 12 was therefore too late. Absent a timely notice of appeal, we lack jurisdiction to consider his COA application as to the district court's April 1 final judgment. *See Watkins*, 543 F.3d at 626-27.

## III.    Conclusion

We deny a COA as to the district court's denial of Mr. Victorino's Rule 59(e) motion. We lack jurisdiction to consider his COA application as to the court's denial of his § 2254 petition. We grant Mr. Victorino's motion to proceed on appeal without prepayment of costs and fees. This matter is dismissed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge