**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**January 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KEITH CHAN,

     Plaintiff - Appellant,

v.

KAREN MAY BACDAYAN; KEVIN C.
MCCLANAHAN; RE/MAX,

     Defendants - Appellees.

_____

KEITH CHAN,

     Plaintiff - Appellant,

v.

KAREN MAY BACDAYAN; KEVIN C.
MCCLANAHAN; RE/MAX,

     Defendants - Appellees.

_____

YU HIN CHAN,

     Plaintiff - Appellant,

v.

KAREN MAY BACDAYAN; KEVIN C.
MCCLANAHAN; CARMEN A.
PACHECO; DAWN HILL-KEARSE;
WAVNY TOUSSAINT; RE/MAX,

     Defendants - Appellees.

No. 25-3188
(D.C. No. 2:25-CV-02484-JWB-ADM)
(D. Kan.)

No. 25-6168
(D.C. No. 5:25-CV-00946-G)
(W.D. Okla.)

No. 25-8074
(D.C. No. 2:25-CV-00220-ABJ)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

Yu Hin "Keith" Chan appeals from three separate orders of dismissal, entered respectively in the United States District Court for the District of Kansas, the United States District Court for the Western District of Oklahoma, and the United States District Court for the District of Wyoming. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

The complaints filed in the district courts in each of these three appeals are substantially identical.[1] In No. 25-3188, the district court dismissed Chan's complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. In

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] For a discussion of the nature of the complaints, see the discussion of a substantially identical complaint filed in the United States District Court for the District of New Mexico in *Chan v. Re/Max, LLC*, Nos. 25-1297, 25-2106, 2025 WL 3458772, at *1 (10th Cir. Dec. 2, 2025).

No. 25-6168, the district court dismissed Chan's complaint without prejudice, pursuant to Fed. R. Civ. P. 8(a) and 41(b), because it failed to contain a short and plain statement of the claim showing Chan was entitled to relief. In No. 25-8074, the district court dismissed Chan's complaint without prejudice, pursuant to Fed. R. Civ. P. 8(a), because it failed to allege any facts to demonstrate Chan was entitled to relief. Chan appeals from each of these rulings.

Chan has waived appellate review based on patently inadequate appellate briefs. Chan's opening brief in each appeal simply asserts "Dismissal is premature before Discovery." *See United States v. Woodmore*, 135 F.4th 861, 877 (10th Cir. 2025) ("Under the doctrine of appellate-briefing waiver, a litigant may waive appellate review of an issue by not arguing it—or arguing it in an inadequate manner—in [his] opening brief." (quotation omitted)). "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Although this court treats pro se filings with liberality and solicitude, pro se litigants must still comply with the provisions of Fed. R. App. P. 28(a)(8)(A). *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Pursuant to Rule 28(a)(8)(A), an appellant's opening brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." "Cursory statements, without supporting analysis and case law, are insufficient to preserve an issue." *Tachias v. Sanders*, 130 F.4th 836, 843-44 (10th Cir. 2025) (quotation omitted). Because Chan's appellate briefs do not even attempt

3

to grapple with the analyses set out in the various district court orders of dismissal, he has waived appellate review.

Also pending before the court are Chan's motions to proceed on appeal in forma pauperis in Nos. 25-6168 and 25-8074. To be entitled to proceed on appeal in forma pauperis, Chan must point to "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation omitted). Chan has utterly failed to live up to this task. Accordingly, his pending motions to proceed in forma pauperis are **denied**.

For those reasons set out above, the orders of the district court in all three appeals are hereby **AFFIRMED**.

Entered for the Court


Michael R. Murphy
Circuit Judge