**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JESUS DOMINGUEZ,

    Petitioner - Appellant,

v.

M. RIOS; ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 25-2137
(D.C. No. 2:22-CV-00942-MV-SCY)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Jesus Dominguez, a state prisoner proceeding pro se, requests a

certificate of appealability (COA) to appeal the district court's order dismissing

his 28 U.S.C. § 2254 petition.[1] He also requests to proceed in forma pauperis

(IFP).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Dominguez proceeds pro se, we liberally construe his arguments but do not act as his advocate. _See Greer v. Moon_, 83 F.4th 1283, 1292 (10th Cir. 2023).

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny Dominguez's IFP motion, deny a COA, and dismiss this matter.

## BACKGROUND

In September 2011, a New Mexico jury convicted Dominguez of first-degree kidnapping and second-degree criminal sexual penetration while armed with a deadly weapon. The state court sentenced him to twenty-seven years' imprisonment. But it later reduced his sentence to eighteen years after finding that the jury's kidnapping verdict supported only a conviction for second-degree kidnapping.

Both Dominguez and the state appealed. The New Mexico Court of Appeals found that the district court erred by modifying Dominguez's sentence, so it ordered the district court to reinstate his conviction for first-degree kidnapping. Dominguez then appealed to the New Mexico Supreme Court, but it denied certiorari on May 30, 2014. Dominguez did not seek review by the Supreme Court of the United States.

In January 2015, the state district court amended its judgment to reinstate Dominguez's original twenty-seven-year sentence. Dominguez filed a motion to reconsider his sentence, but the state district court denied it on November 8, 2016. Dominguez did not appeal that order.

Nothing happened for years. Then, in 2019, a new lawyer filed an appearance on Dominguez's behalf in state court. But Dominguez later terminated that relationship.

2

In March 2021, Dominguez filed several post-conviction motions for discovery and reconsideration. He also filed a state habeas petition in December 2021. The state district court denied those motions and habeas relief. On September 23, 2022, the New Mexico Supreme Court denied Dominguez's petition for certiorari.

Dominguez filed his § 2254 petition in federal court on December 12, 2022. In it, he alleged due process errors by the New Mexico Supreme Court and state district court. A magistrate judge issued a show-cause order requiring Dominguez to explain why his petition was timely. Dominguez responded seeking more time and more files. The state answered, pointing out that Dominguez's petition was untimely. Dominguez then replied.

The district court dismissed Dominguez's petition, reasoning that it was untimely because he filed it more than a year after his judgment became final. *Dominguez v. Rios*, No. 22-cv-0942, 2025 WL 2966312, at *1–2 (D.N.M. Oct. 21, 2025). The district court also denied a COA. *Id.* at *9. Dominguez timely appealed. On appeal, he requests to proceed IFP.

**DISCUSSION**

Dominguez must obtain a COA to appeal the district court's denial of habeas relief from state detention. 28 U.S.C. § 2253(c)(1). A COA is a

3

jurisdictional prerequisite to appellate review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We will not grant a COA unless Dominguez makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Because the district court denied Dominguez's habeas petition on procedural grounds without reaching the merits of his constitutional claims, he must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We can address either requirement and, if one is not met, we need not address the other. *Id.* at 485.

The district court denied Dominguez's habeas petition on procedural grounds. It reasoned that his petition was untimely because his judgment became final "no later than December 9, 2016," meaning that 28 U.S.C. § 2244(d) required that he file his habeas petition by December 9, 2017. *Dominguez*, 2025 WL 2966312, at *2. The district court acknowledged that § 2244(d)'s time limit has several exceptions but held that none saved Dominguez's claim from procedural default. *Id.* at *2–8.

On appeal, Dominguez raises three issues. First, he argues that the district court erred by issuing its ruling before allowing the magistrate judge to complete his review. Second, he argues that the district court acted with an

4

appearance of bias due to New Mexico's small population and tight communities. Third, he argues that the district court discriminated against him based on anti-immigrant animus and his "situation." Op. Br. at 4.

None of these arguments would give reasonable jurists reason to debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

First, Dominguez takes issue with the timing of the district court's decision. He says that the district court denied his petition without giving the magistrate judge an opportunity to address the arguments he raised in his reply to the state's answer to the magistrate judge's show-cause order.

But a district court need not wait to rule on a pending habeas petition until a magistrate judge has addressed all issues the petitioner raises. To the contrary, though 28 U.S.C. § 636(b) permits a magistrate judge to consider habeas petitions, it does not limit a district court's authority to adjudicate them. It does not permit a magistrate judge to "assume[]" or limit a district court's "ultimate adjudicatory function." *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 439 (3d Cir. 2005). Here, the petition was ripe for the district court's review after Dominguez filed his reply, even though he raised new arguments in his reply. So the district court was free to consider Dominguez's petition without the magistrate judge's recommendations about the arguments in Dominguez's reply.

5

Second, Dominguez contends that the district court appeared to be biased against him. He attributes that bias to New Mexico's small population and closely knit communities. Even when construed liberally, Dominguez's argument does not explain how New Mexico's population or community dynamics created an appearance of bias. And more importantly, it does not create reason to doubt whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

Third, Dominguez argues that the district court's dismissal discriminated against him and violated his right to equal protection of the law. But he does not explain how the procedural-default holding violates his equal protection rights. Nor does his argument create reason to doubt whether the district court's procedural ruling was correct. *Id.*

Thus, Dominguez does not show that reasonable jurists would find it debatable whether the district court's procedural ruling was correct. *See id.* So before denying a COA, we need not address whether his petition states a valid claim of the denial of a constitutional right. *See id.*

In the facts section of his brief, Dominguez raises several additional "legal issues." Some of them are fact issues. Others restate his three primary issues. As for his remaining arguments, even when construed liberally, they attack only the integrity of his underlying conviction. For example, he says there was an "unknown action" that created "a 'Brady Violation.'" Op. Br. at 2.

6

None of his remaining arguments challenges the correctness of the district court's procedural ruling.

Finally, Dominguez seeks to proceed IFP. To do so, Dominguez must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (citation modified).

Dominguez does not meet this burden. Though his IFP application meets the first requirement by showing no assets or income, it doesn't meet the second. Dominguez doesn't present any nonfrivolous arguments in support of his COA request. So we deny his IFP request.

## CONCLUSION

We deny Dominguez's IFP Motion, deny his request for a COA, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge