**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATHAN GIBSON,

    Plaintiff - Appellant,

v.

ALAMOSA POLICE DEPARTMENT;
ALAMOSA COUNTY JUSTICE
CENTER,

    Defendants - Appellees.

No. 25-1114
(D.C. No. 1:24-CV-03436-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant Nathan Gibson appeals from an order dismissing his pro se

complaint without prejudice for failure to prosecute. He also seeks to proceed in forma

pauperis ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

dismissal of Mr. Gibson's complaint and deny his IFP motion.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Mr. Gibson filed his pro se complaint in the U.S. District Court for the District of Colorado on December 11, 2024. That same day, a magistrate judge reviewed the complaint and entered an order identifying two deficiencies in Mr. Gibson's filing: (1) he had not used "the court-approved Complaint form," and (2) he had not paid the $405 filing fee or filed an application to proceed IFP. Supp. ROA at 3–4. Because of those deficiencies, the magistrate judge ordered Mr. Gibson to "obtain the court-approved Complaint form and Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and to submit both forms within thirty days. *Id.* at 4. The magistrate judge warned Mr. Gibson that if he "fail[ed] to cure all the designated deficiencies within thirty [] days from the date of this order, the action will be dismissed . . . without prejudice." *Id.*

On January 13, 2025, the magistrate judge entered an order responding to a Motion to Waive Fees Mr. Gibson had filed on January 8. That motion was not prepared with the court-approved form. As a result, the magistrate judge denied the motion to waive fees "without prejudice to being re-filed on the court-approved form." Supp. ROA at 5. The magistrate judge also noted that Mr. Gibson had not yet refiled his complaint on the court-approved form. The magistrate judge thus ordered Mr. Gibson to cure both deficiencies by February 12, 2025, and directed the clerk of court to mail Mr. Gibson

2

copies of both court-approved forms. Over the next month, Mr. Gibson submitted eleven more filings, none of which used court-approved forms.[1]

On February 20, 2025, the district court entered an order finding that although Mr. Gibson was twice ordered to file his complaint and IFP application on court-approved forms, he had failed to do so. The district court then dismissed the case without prejudice because Mr. Gibson "ha[d] failed to cure the deficiencies within the time allowed." ROA at 114. The court also refused to grant Mr. Gibson IFP status on appeal because "any appeal from this order would not be taken in good faith." *Id.* After the district court entered final judgment on February 20, 2025, Mr. Gibson filed a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C).

## II.    STANDARD OF REVIEW

We review a district court's dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007). Under Rule 41(b), "a district court may dismiss an action sua sponte" if a plaintiff refuses to comply with mandatory rules or a court order. *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009). In deciding if a court

---

[1] Mr. Gibson submitted (1) an Application to Proceed in District Court Without Prepaying Fees or Costs; (2) various exhibits in support of the complaint; (3) another Application to Proceed in District Court Without Prepaying Fees or Costs; (4) an Amended Complaint for Violation of Civil Rights; (5) a document titled "Order re Court Fees"; (6) another Motion to Waive Fees; (7) a civil department cover form; (8) a Prayer for Remedy; (9) a Motion to Enter Evidence into the record; (10) a Motion for Judicial Review; and (11) additional exhibits in support of his complaint.

abused its discretion by dismissing a case for failure to prosecute, the threshold question is "whether dismissal was ordered with or without prejudice." *Nasious*, 492 F.3d at 1161–62. Because dismissing a case without prejudice may allow "the plaintiff another go" in a later-filed case, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162.

### III.    DISCUSSION

The district court dismissed Mr. Gibson's case without prejudice because he disregarded the court's orders to file his complaint and IFP application on court-approved forms. Mr. Gibson does not argue in his opening brief that the district court abused its discretion—in fact, he omits any mention of the district court's orders or reasoning. But Mr. Gibson also filed a second brief in which he summarily argues he was unable to access the court-approved forms because he was being "held on a $100,000 bond" and the only "forms provided by the jail were short form." *See* Second Appellant's Br. at 3, ECF No. 19. But there are several problems with this argument.

First, Mr. Gibson cites nothing in the record showing that he was in detention from when he filed his complaint on December 11, 2024, until his February 12, 2025, deadline to correct the filing deficiencies. Yet his complaint lists a P.O. Box as his mailing address, not a detention facility. *See* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant to cite to the "parts of the record on which the appellant relies"). Second, on January 13, 2025, the magistrate judge directed the clerk of court to mail Mr. Gibson copies of both court-approved forms. Mr. Gibson does not explain why he did not use the forms that were sent to him. Third, Mr. Gibson did not argue before the district court that he could

4

not comply with the court orders because he was in detention, not even in his motion to reconsider. This argument is thus waived on appeal. *See United States v. Garcia*, 936 F.3d 1128, 1131 (10th Cir. 2019) (stating that arguments forfeited below are waived on appeal unless an appellant argues for plain error).

Mr. Gibson presents no other arguments as to how the district court abused its discretion. Although we construe Mr. Gibson's pro se pleadings liberally, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We therefore affirm the district court's dismissal without prejudice.

Mr. Gibson has also filed a motion to proceed IFP. As explained, Mr. Gibson has not presented "a reasoned, nonfrivolous argument" on appeal. *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation marks omitted). We therefore deny his request to proceed IFP.

## IV.    CONCLUSION

Accordingly, we AFFIRM the district court's order dismissing this action without prejudice and DENY Mr. Gibson's motion to proceed IFP.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5